■ PIONEER IMPROVEMENT ASSOCIATION, INC., Respondent, v GLORIA R. SLATTERY, Appellant.—Appeal from a judgment of the Supreme Court, entered March 15, 1978 in Warren County, upon a decision of the court at a Trial Term, without a jury, which declared that defendant's studio cottage stood in violation of a restrictive covenant which inured to the benefit of the plaintiff and directed its removal. In May, 1970, Richard and Louise Silverthorne, plaintiff's predecessors in interest, subdivided land bordering on Northwest Bay, Lake George, Warren County, New York, into a subdivision of 44 lots called "Pioneer Log Cabin Village." They filed a subdivision map which indicated that a studio lying on both Lot Nos. 5 and 6 was "TO BE REMOVED". That same year the Silverthornes also filed a "DECLARATION OF COVENANTS", the first covenant of which stated "That said lots shall be used for single family residential purposes only and no structure shall be erected, altered, placed or permitted on any lot other than one single-family residence, whether year round or seasonal in nature * * * Nothing contained in this declaration, however, shall prevent the use of the existing four unit building on Lot No. 5 as a four family seasonal residence". On October 22, 1971 the Silverthornes contracted to sell Lot No. 5 to defendant and also gave her an option to purchase Lot No. 6. On February 12, 1972 the option agreement was amended to provide that if the option was not exercised by October 15, 1974, the defendant would remove the studio. On March 29, 1974 the Silverthornes deeded all common areas of the subdivision to Pioneer Improvement Association, Inc. (Pioneer). On September 27, 1974 Lot No. 6 was conveyed to defendant. Pioneer demanded that defendant remove the studio cottage, as it stood in derogation of Covenant No. 1 of the declaration of covenants and the notation on the plot subdivision map. Defendant refused. Pioneer commenced the action which terminated in the judgment directing removal of the cottage. This appeal ensued. Thus posited, the issue is whether Covenant No. 1 runs with the land, and, if so, did the option agreement of February 12, 1974 remove the studio from the burden of the covenant. In order for a covenant that runs with the land to be enforceable, it must appear that the grantor and grantee intended that it should, that the covenant "touches" or "concerns" the land and that there is a "privity of estate" between the party claiming the benefit of the covenant and the party who rests under its burden *(Neponsit Prop. Owners' Assn. v Emigrant Ind. Sav. Bank,* 278 NY 248, 255; cf. *Eagle Enterprises v Gross,* 39 NY2d 505; *Nicholson v 300 Broadway Realty Corp.,* 7 NY2d 240). The criteria is clearly applicable to the factual pattern before us. The intent of

the parties is patently discernible from the two deeds conveying Lot Nos. 5 and 6 to defendant. Each deed recites Covenant No. 1 which precisely states that only one residential dwelling per lot will be permitted. Entirely consistent with this covenant is the notation on the plat map that the studio cottage is to be removed so that Lot No. 5 shall contain only one dwelling and Lot No. 6, presently unimproved, can receive one single dwelling. Further evidence of intent is the fact that defendant was aware of the map notation before she purchased either lot and made a request for an exception to the one residence restriction of Covenant No. 1. The request was denied. Next, since the requirement of only one dwelling per lot burdens each of the 44 lots in the subdivision in a unique way, as distinguished from a general burden such as taxes, it cannot be fairly denied that Covenant No. 1 "touches" and "concerns" the land with which it runs. Accordingly, given the clear privity of estate between the parties, we conclude that Covenant No. 1 is enforceable as a covenant running with the land. Our review of the option agreement of February 12, 1974 fails to disclose an intent to remove the cottage studio from the burden of the covenant, if, indeed, the Silverthornes had any authority to so contract. The option agreement did nothing more than give defendant a limited use of the cottage until she decided whether to purchase Lot No. 6. The agreement does not state that the studio can be maintained and used even if the option were exercised. Whatever misunderstanding defendant may have gleaned from the option agreement or from any oral representations made by the Silverthornes in connection therewith, may be addressed in an appropriate private action between the parties, but it cannot thwart the clear import of Covenant No. 1 to burden both Lot Nos. 5 and 6. Defendant's final contention that Pioneer lacks standing to enforce Covenant No. 1 is without merit. Special Term thoroughly discussed this issue and concluded that Pioneer had as much right as any other individual property owner in the development to enforce the covenants. We agree. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Main, JJ., concur.